IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JORGE JASSO,

   Petitioner,

vs.                No. Civ 02-1081 MV/WWD

TIM LEMASTER, Warden, et al.,

   Respondents.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

  1. THIS MATTER comes before the Court on Mr. Jasso's "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person Attacking a State Detainer," ("Petition"), filed August 28, 2002 **[Doc. 1]**. Having considered the pleadings and relevant law, I recommend that Mr. Jasso's Petition be dismissed without prejudice.

  2. On August 19, 1991, Petitioner was convicted in the Third Judicial District Court at Las Cruces, New Mexico for the offense of Conspiracy to Commit commercial Burglary, in violation of N.M.S.A. § 30-28-2, a fourth degree felony. See Notice to Appear, Ex. 1 to Resp't's Resp. in Opp'n to and Mot. to Dismiss Pet'r's Pet. ("Resp.") **[Doc. 4]**. As a result of this conviction, an Immigration Judge ordered that Petitioner be removed from the United States to Mexico. See Order of the Immigration Judge, Ex. 2 to Resp.

  3. In 2001, Petitioner was convicted in the Third Judicial District of New Mexico for the offenses of Possession of a Stolen Vehicle in violation of N.M.S.A. § 66-3-505, Driving Under the Influence of Liquor or Drugs in violation of N.M.S.A. § 66-8-102(F), Concealing Identity in violation of N.M.S.A. § 30-22-3 and Resisting, Evading or Obstructing an Officer in violation of

§ 30-22-1.  <u>See</u> J., Order and Commitment to the Corr. Dep't, Ex.3 to Pet.  Petitioner was sentenced to serve a total term of three years and six months minus two days.[1]  <u>See id.</u>  Petitioner is currently confined to the penitentiary in Santa Fe, New Mexico.

4. Mr. Jasso filed his Petition in this Court on August 22, 2002[2], allegedly "attacking a state detainer."  Pet. at 6.  However, Petitioner alleges no error whatsoever with respect to his state conviction and sentence.  Rather, Petitioner's sole request for relief is for "immunity from deportation" following the completion of his state sentence.  Pet. at Prayer for Relie[f]; 6.  Thus, I agree with Respondent that Petitioner's claim appears to be one for relief from removal or deportation.

5. Mr. Jasso was previously removed from the United States in 1999, and Respondent contends that he is subject to reinstatement of the previous removal order.  However, there is nothing in the pleadings or exhibits to indicate that the Immigration and Naturalization Service ("INS") or the United States Attorney General has taken any steps to remove Mr. Jasso.[3]  Indeed, the state court recommends "that the [INS] be notified two (2) weeks prior to [Mr. Jasso's] release from the New Mexico Corrections Department," at which time the INS presumably would decide whether to reinstate a removal order or initiate other proceedings.

---

[1] Mr. Jasso further received presentence confinement credit of 127 days.  <u>Id.</u>

[2] The Petition is file-stamped August 28, 2002.  However, Petitioner indicated that he executed the Petition on August 22, 2002.  "Pursuant to the mailbox rule, a prisoner's papers are considered filed as of the date he delivers them to prison officials for mailing."  <u>Hall v. Scott</u>, 292 F.3d 1264, 1266 n.1 (10th Cir. 2002) (citing <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988)).

[3] "When the government decides to reinstate an alien's removal under § 241(a)(5), it presents the alien with a form entitled Notice of Intent/Decision to Reinstate Prior Order."  <u>Castro-Cortez v. I.N.S.</u>, 239 F.3d 1037, 1044-45 (9th Cir. 2001) (internal quotations omitted).

6. Under the circumstances, I find that Petitioner alleges an injury that may occur in the future, if at all.  Consequently, Petitioner's claim is not justiciable because it is not ripe for judicial review, and should be dismissed without prejudice.

## Recommendation

I recommend that Petitioner's "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person Attacking a State Detainer" **[Doc. 1]** be DENIED and this cause be DISMISSED WITHOUT PREJUDICE as not ripe for judicial review.  Respondent's Response in Opposition to and Motion to Dismiss Petitioner's Petition **[Doc. 4]** should be DENIED as moot.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE

3